UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


LEO RANDOLPH,

        Plaintiff,

v.                                          Case No. 2:06-cv-3
                                               HON. R. ALLAN EDGAR

UNKNOWN DECKER,

        Defendant.

_____/


**REPORT AND RECOMMENDATION**

Plaintiff Leo Randolph, an inmate currently confined at the Ryan Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Resident Unit Manager Unknown Decker, who was employed at the Kinross Correctional Facility (KCF) during the pertinent time period.

Plaintiff's complaint alleges that on May 6, 2003, he was placed in a general population housing unit know as E-Unit and was assigned to room 333. The rooms in E-Unit are designed to house three prisoners per room. Upon arriving in his room, Plaintiff discovered that his roommates were older and exhibited unfriendly behavior towards him. At some point, Plaintiff learned that both of his roommates had a reputation for violence towards other prisoners. Plaintiff also learned through other prisoners that one of his new roommates had recently forced another prisoner to move from the cell.

Plaintiff alleges that in late August of 2003, his roommates gave him an ultimatum to seek a room change. Plaintiff spoke to Corrections Officer Bruni regarding this ultimatum and

of the problems he had been experiencing with his roommates. Bruni told Plaintiff to speak to Defendant about the matter and told Plaintiff that both his roommates had already come to him requesting that Plaintiff be moved. Plaintiff then told Defendant of the ultimatum given to him by his cellmates, and Defendant indicated that he would speak to the Deputy Warden regarding Plaintiff's situation. After a few days, Plaintiff asked Defendant if he was going to be moved to another cell. Defendant admitted that he had forgotten to speak to the Deputy Warden, and assured Plaintiff that he would take care of the matter. On September 1, 2003, three days after speaking with Defendant, Plaintiff was stabbed in the ear. Plaintiff states that, at that point, Defendant still had not gotten back to him regarding his need to move to a new cell.

Following the assault, Plaintiff was taken to the prison infirmary, where he was treated and transported to War Memorial Hospital. Plaintiff states that his injuries included nerve damage and a puncture/laceration to the lower part of his inner right ear which required five stitches. Plaintiff claims that he continues to experience excruciating pain and must take Motrin and Elavil on a daily basis.

Plaintiff claims that Defendant's actions violated his rights under the Eighth Amendment to the United States Constitution, as well as his rights under state law. Plaintiff is seeking compensatory and punitive damages, as well as declaratory relief.

Presently before the Court is Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In the brief in support of the motion for summary judgment, Defendant claims that Plaintiff has failed to show that he was injured as a result of deliberate indifference on the part of Defendant. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer*

*v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, plaintiffs must show that the prison officials acted with "deliberate indifference" to a substantial risk that the defendant would cause prisoners serious harm. *Farmer v. Brennan*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 79 (6th Cir.1995). *See Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001).

In the brief, Defendant contends that although Plaintiff told him that he wished to move, he merely stated that he was not getting along with his roommates because of lifestyle differences as a result of the disparity in their ages. Defendant states that Plaintiff did not communicate that he feared for his life, health or safety. Defendant asserts that inmates Wray and Barrera, who were Plaintiff's roommates at the time, also met with him and requested that Plaintiff be moved. Defendant told Plaintiff's roommates that an inmate is not eligible to move bunks unless that inmate has been misconduct free for a period of six months, and indicated that they were eligible to move, but Plaintiff was not. Defendant contends that he was never made aware of any threat to Plaintiff's safety. In addition, Defendant claims that there is no indication that the attack by an unnamed assailant was related to any threats allegedly made by Plaintiff's roommates.

In Plaintiff's response to the motion for summary judgment, he asserts that he did in fact tell Defendant that he feared for his safety as a result of his roommates' ultimatum. In addition, Plaintiff contends that he spoke to Defendant a second time after not hearing from Defendant for a few days, at which point Defendant told him that he had forgotten to speak to the Deputy Warden, and that he would take care of the matter. In the opinion of the undersigned, the versions of fact set

- 4 -

forth by Defendant and Plaintiff contradict each other. Therefore, the undersigned concludes that there is a genuine issue of material fact with regard to whether Defendant was deliberately indifferent to the possibility that Plaintiff would be assaulted.

Defendant also contends that he is entitled to summary judgment pursuant to *Stewart v. Love*, 696 F.2d 43 (6th Cir. 1982), which found that a single, isolated attack was insufficient to state a failure to protect claim. *Id.* at 45. In *Stewart*, the Sixth Circuit stated:

> Of course, the allegation that the plaintiff had informed the prison officials of an alleged plot to injure him does raise somewhat thorny questions. Had no action whatsoever been taken to protect the plaintiff, the court would be inclined to allow this action to proceed to a full hearing. However, the plaintiff admits that he was transferred to another unit following his complaints and was kept separated from the inmates whom he feared for several months. Then, following his transfer back to D-3-West, he has reported only the most general allegations, that "someone was going to get hit on the head." Furthermore, while the plaintiff asserts that letters were circulated threatening to harm or kill him, he has never seen any such letters and is apparently unable to produce them. Thus, the prison officials were faced with unsupported allegations and were required to reach a professional judgment on the basis of the facts as they then appeared. In retrospect, that judgment appears to have been flawed, but the court concludes that any wrongdoing was mere negligence, and was not a violation of the plaintiff's rights under either the 8th or 14th Amendments.

*Id.* at 45.

In this case, unlike in *Stewart v. Love*, prison officials took no action. Moreover, the allegations in this case indicate that Plaintiff was given an ultimatum by his roommates, and was not basing his fear merely on information obtained from the rumor mill. As noted above, there is an issue of fact with regard to whether Defendant was deliberately indifferent to a threat to Plaintiff's safety. Furthermore, there is an issue of fact regarding whether the attack on Plaintiff was related

to the ultimatum given to Plaintiff by his roommates. Therefore, Defendant is not entitled to summary judgment on Plaintiff's Eighth Amendment claim.

Defendant states that he is entitled to summary judgment on Plaintiff's state law claims because issues of state law are best left to a determination by the state courts. However, pendent jurisdiction is proper where the state law claims are both factually and legally intertwined with the federal claim. *Vandiver v. Hardin Co. Board of Education*, 925 F.2d 927 (6th Cir. 1991). Therefore, the undersigned recommends that Defendant's request for summary judgment on the state law claims be denied.

Finally, Defendant claims that he is entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40. *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

> The Sixth Circuit has observed:
>
> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful. *Anderson*, 483 U.S. at 639-40. Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights. *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983. Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty. *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten). *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established.

*Turner*, 119 F.3d at 429.  These are both purely legal questions.  The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights.  *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

As noted above, there appears to be a genuine issue of material fact with regard to whether Defendant was deliberately indifferent to a substantial risk of harm to Plaintiff.  The law is clearly established that such conduct, if proven, constitutes a violation of the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).  Therefore, the undersigned concludes that Defendant is not entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has sustained his burden of proof in response to Defendant's motion for summary judgment.  Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #10) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley  
      TIMOTHY P. GREELEY  
      UNITED STATES MAGISTRATE JUDGE

Dated:   October 26, 2006