UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEO RANDOLPH,

    Plaintiff,

v.                                                        Case No. 2:06-cv-3
                                                        HON. R. ALLAN EDGAR

UNKNOWN DECKER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Leo Randolph, an inmate currently confined at the Ryan Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Resident Unit Manager Michael Decker, who was employed at the Kinross Correctional Facility (KCF) during the pertinent time period. A jury trial is scheduled for June 16, 2008.

Plaintiff's complaint alleges that on May 6, 2003, he was placed in a general population housing unit known as E-Unit and was assigned to Room 333. The rooms in E-Unit are designed to house three prisoners per room. Upon arriving in his room, Plaintiff discovered that his roommates were older and exhibited unfriendly behavior towards him. At some point, Plaintiff learned that both of his roommates had a reputation for violence towards other prisoners. Plaintiff also learned through other prisoners that one of his new roommates had recently forced another prisoner to move from the cell.

Plaintiff alleges that in late August 2003, his roommates gave him an ultimatum to seek a room change. Plaintiff spoke to Corrections Officer Bruni regarding this ultimatum and of

the problems he had been experiencing with his roommates. Bruni told Plaintiff to speak to Defendant about the matter and told Plaintiff that both his roommates had already come to him requesting that Plaintiff be moved. Plaintiff then told Defendant of the ultimatum given to him by his cellmates, and Defendant indicated that he would speak to the Deputy Warden regarding Plaintiff's situation. After a few days, Plaintiff asked Defendant if he was going to be moved to another cell. Defendant admitted that he had forgotten to speak to the Deputy Warden, and assured Plaintiff that he would take care of the matter. On September 1, 2003, three days after speaking with Defendant, Plaintiff was stabbed in the ear. Plaintiff states that, at that point, Defendant still had not gotten back to him regarding his need to move to a new cell.

Following the assault, Plaintiff was taken to the prison infirmary, where he was treated and transported to War Memorial Hospital. Plaintiff states that his injuries included nerve damage and a puncture/laceration to the lower part of his inner right ear which required five stitches. Plaintiff claims that he continues to experience excruciating pain and must take Motrin and Elavil on a daily basis.

Plaintiff claims that Defendant's actions violated his rights under the Eighth Amendment to the United States Constitution, as well as his rights under state law. Plaintiff is seeking compensatory and punitive damages, as well as declaratory relief. The court previously denied defendants motion for summary judgment concluding that genuine issues of material fact exist.

Presently before the Court is Plaintiff's partial motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing

there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that he is entitled to summary judgment as to liability and a trial should be held only regarding the amount of damages that he is entitled. In the Report and Recommendation to deny Defendant's dispositive motion, it was explained that there exists genuine issues of material fact:

> In the brief, Defendant contends that although Plaintiff told him that he wished to move, he merely stated that he was not getting along with his roommates because of lifestyle differences as a result of the disparity in their ages. Defendant states that Plaintiff did not communicate that he feared for his life, health or safety. Defendant asserts that inmates Wray and Barrera, who were Plaintiff's roommates at the time, also met with him and requested that Plaintiff

- 3 -

> be moved. Defendant told Plaintiff's roommates that an inmate is not eligible to move bunks unless that inmate has been misconduct free for a period of six months, and indicated that they were eligible to move, but Plaintiff was not. Defendant contends that he was never made aware of any threat to Plaintiff's safety. In addition, Defendant claims that there is no indication that the attack by an unnamed assailant was related to any threats allegedly made by Plaintiff's roommates.
>
> In Plaintiff's response to the motion for summary judgment, he asserts that he did in fact tell Defendant that he feared for his safety as a result of his roommates' ultimatum. In addition, Plaintiff contends that he spoke to Defendant a second time after not hearing from Defendant for a few days, at which point Defendant told him that he had forgotten to speak to the Deputy Warden, and that he would take care of the matter. In the opinion of the undersigned, the versions of fact set forth by Defendant and Plaintiff contradict each other. Therefore, the undersigned concludes that there is a genuine issue of material fact with regard to whether Defendant was deliberately indifferent to the possibility that Plaintiff would be assaulted.

Report and Recommendation, docket #23, at 4-5. In accepting the Report and Recommendation, the court noted that there existed genuine issues of material fact that precluded summary judgment. Plaintiff has failed to present any new evidence that could establish a lack of a genuine issue of material fact. Plaintiff has conceded in his affidavit "that there are genuine issues of material fact to be resolved." Plaintiff's affidavit, docket #45, at 3 and 14.

Accordingly, it is recommended that Plaintiff's motion for summary judgment (docket #43) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                          /s/ Timothy P. Greeley
                                          TIMOTHY P. GREELEY
                                          UNITED STATES MAGISTRATE JUDGE

Dated:   March 27, 2008